United States District Court
Southern District of Texas
**ENTERED**
October 04, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEORGE ROSAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-167 |
| | § | |
| NUECES COUNTY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

George Rosas ("Plaintiff") is a former inmate of the Nueces County Texas Jail who is appearing *pro se* and *in forma pauperis*. Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging his constitutional right to access the courts was violated when Nueces County did not keep him apprised of the status of his then pending civil and family law cases. Plaintiff alleges Nueces County has a policy of not apprising inmates who are *pro se* litigants of the status of their cases. He is seeking monetary damages and injunctive relief. As set forth in more detail below, Plaintiff has an extensive history of filing frivolous claims in federal court and he has been designated a "Three Strikes" litigant pursuant to 28 U.S.C. § 1915(g). While Plaintiff is not subject to the three strikes rule because he was not in custody at the time he filed the instant lawsuit, his case is subject to screening for frivolity pursuant to 28 U.S.C. § 1915(e)(2). Additionally, Defendant Nueces County has filed a motion to dismiss for failure to state a

claim (D.E. 21) and a motion for pre-filing injunction seeking an order tailored to prevent Plaintiff from filing frivolous lawsuits in the future (D.E. 24).

For the reasons set forth below, the undersigned recommends Plaintiff's case be dismissed for failure to state cognizable § 1983 claims and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), or alternatively, that Defendant's motion to dismiss be GRANTED.  It is further recommended that the Court GRANT Defendant's motion for injunctive relief and enter an order prohibiting Plaintiff from appearing *in forma pauperis* in any civil action in the United States District Court, Southern District of Texas without first paying a $100.00 sanction to the registry of the Court and obtaining leave of Court.

## I.    JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned United States Magistrate Judge for pretrial management and furnishing the District Court with a memorandum and recommendation on all dispositive motions pursuant to 28 U.S.C. § 636(b) and Special Order C-2015-1.

## II.    PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS.[1]

### A.    Procedural Background

Appearing *pro se* and *in forma pauperis*, Plaintiff filed this civil rights action on May 17, 2016.  (D.E. 1).  Plaintiff, no longer in custody, obtained a summons and paid

---

[1] The following allegations were made in Plaintiff's original complaint (D.E. 1) or at the *Spears* hearing, and for purposes of screening are set forth from Plaintiff's perspective.

the service fee prior to the case being screened by the undersigned.  (D.E. 7).  Nueces County was served on June 9, 2016.  (D.E. 7, p. 4).  A *Spears*[2] hearing was scheduled for June 24, 2016, of which Plaintiff received notice.  Plaintiff failed to appear at the *Spears* hearing scheduled for June 24, 2016 and he did not otherwise notify the Court or request a continuance.  The undersigned rescheduled the *Spears* hearing and, in a written order, notified the Plaintiff his case could be dismissed for want of prosecution and further notified the Plaintiff this action is subject to being dismissed if the complaint is deemed frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  (D.E. 11).  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  Additionally, Plaintiff was granted 21 days to amend his complaint.  (D.E. 11).  Plaintiff elected not to file an amended complaint.

Defendant filed a motion to dismiss on June 30, 2016 on the basis that the Plaintiff was barred from proceeding *in forma pauperis* pursuant to the "three strikes" rule, 28 U.S.C. § 1915(g).  (D.E. 14).  Plaintiff did not file a timely response to the Defendant's motion to dismiss.  However, at a hearing on June 6, 2016, the undersigned granted Plaintiff an extension to respond to the motion to dismiss.  Plaintiff filed a response to the motion to dismiss on August 2, 2016.  (D.E. 19).

Plaintiff and counsel for Defendant appeared for a *Spears* hearing on August 4, 2016.  Counsel for Defendant withdrew the motion to dismiss based on the three strikes rule after Plaintiff's testimony established he was not in custody at the time he filed the

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985*); see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

instant civil rights action.   During the *Spears* hearing the Plaintiff was placed under oath and was provided an opportunity to explain and provide additional information about his case.  On August 18, 2016, Defendant filed another motion to dismiss, this time based on Plaintiff's failure to state a claim.  (D.E. 21).  Plaintiff filed a response on September 9, 2016.  (D.E. 25).    Defendant filed a reply on September 12, 2016.   (D.E. 26).  Additionally, Defendant has filed a motion for a pre-filing injunction seeking to limit Plaintiff's proclivity for filing frivolous civil actions *in forma pauperis*.  On September 19, 2016, Plaintiff filed a motion for summary judgment.  (D.E. 27).

### B.    Factual Background

Plaintiff was incarcerated at the Nueces County Jail and Bexar County Jail during the time periods relevant to the matters raised in his complaint.  Plaintiff was released from custody in August 2015 after having fully discharged a twenty year sentence for burglary.  Plaintiff currently resides in Corpus Christi, Texas.   Plaintiff alleges his right to access the courts was violated in connection with proceedings relating to his divorce and a protective order and Plaintiff's efforts to subsequently challenge those decisions.  Specifically, Plaintiff alleges Nueces County failed to notify him of the status of his cases and that Nueces County failed to docket his *pro se* pleadings seeking to challenge the decisions in the divorce and protective order cases.

The first case involves an action seeking a protective order against the Plaintiff in the 94th Judicial District Court of Nueces County in Cause Number 2014-FAM-0503-C.  The applicant of the protective order was Melony Jennifer Rosas, who at that time was married to Plaintiff.   The protective order was granted on May 14, 2014 and remained in

effect until May 24, 2016.  (D.E. 23, pp. 4-12).   Attorney Gabriel Salais represented Plaintiff in the protective order case.

The second case involves a petition for divorce against Plaintiff in the 94th Judicial District Court of Nueces County, Texas in Cause Number 2013-FAM-5542-C.  The final divorce decree was entered on June 18, 2014 dissolving the marriage between Plaintiff and Melony Jennifer Rosas.  (D.E. 23, pp. 14-23).   Plaintiff was also represented by attorney Gabriel Salais in the divorce proceedings.

Plaintiff alleges he did not receive notice of either the protective order or the divorce decree.   However, Plaintiff's complaint alleges that on July 3, 2014, less than two months after the protective order was granted, he filed a separate civil action in Nueces County wherein he sought to challenge the protective order. (D.E. 1, p. 3). Further, Plaintiff testified at the *Spears* hearing that he filed a *pro se* notice of appeal in November 2014 seeking to challenge the protective order.   Plaintiff also testified he received subsequent notice from the state court indicating he had not paid the appellate filing fee.  Plaintiff further testified he voluntarily dismissed the appeal because his notice of appeal was untimely filed and he elected to file a "bill of review" in lieu of an appeal.[3]

---

[3] In civil proceedings in the State of Texas, a bill of review is an equitable proceeding by a party to a former action who seeks to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Wembley Inv. Co. v. Herrera,* 11 S.W.3d 924, 926-27 (Tex. 1999); *Baker v. Goldsmith,* 582 S.W.2d 404, 406 (Tex. 1979). Where the parties have participated at trial and the losing party has been prevented from filing a motion for new trial or perfecting an appeal, in order to prevail upon a petition for bill of review, the petitioner must satisfy the following requirements set forth in *Petro-Chem. Transport v. Carroll,* 514 S.W.2d 240, 244-46 (Tex.1974):(1) a failure to file a motion for new trial or a failure to advance an appeal; (2) caused by the fraud, accident, or wrongful act of the opposing party or by an official mistake; (3) unmixed with any fault or negligence on the petitioner's part; and (4) a meritorious ground of appeal.  *See Thompson v. Ballard,* 149 S.W.3d 161, 164 (Tex. App.--Tyler 2004, no pet.); *see also McDaniel v. Hale,* 893 S.W.2d 652, 659-63 (Tex. App.--Amarillo 1994, writ denied).

Shortly after dismissing the appeal, Plaintiff filed a bill of review appearing *pro se* seeking to set aside the protective order.  Plaintiff alleges his bill of review was not placed on the docket of the state trial court.  He reportedly sent letters and a "petition of inquiry" where he sought information about the status of his bill of review.  Plaintiff further alleges he called the Nueces County District Clerk and was told there was no record of his having filed a bill of review.[4]  Plaintiff claims to be financially unable to hire a lawyer to assist him with challenging the protective order or divorce decree although he has not sought the assistance of *pro bono* counsel.  Plaintiff has not otherwise sought to modify the divorce decree or protective order.  Plaintiff testified that while the protective order is no longer in effect, he has been harmed because the protective order was obtained through false testimony and because his ex-wife used the protective order to prevent him from seeing his child.

The gravamen of Plaintiff's complaint is that Nueces County has interfered with his access the courts in his efforts to challenge the entry of the protective order and divorce decree.   Plaintiff seeks $150,000 in compensatory damages, $250,000 in punitive damages and injunctive relief to ensure Nueces County does not interfere with his right to appear *pro se* in state civil proceedings in Nueces County.

## III.   LEGAL STANDARD

### A.    Denial of Access to the Courts

---

[4] Plaintiff testified he did not have a copy of the bill of review because he was indigent and in custody at the time of filing and he did not have the ability to make copies.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002).

A county qualifies as a "person" subject to liability under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 & n. 54, (1978). However, as a unit of local government, Nueces County cannot be held liable under 42 U.S.C. § 1983 for the actions of officers or employees on a theory of *respondeat superior. Id.* at 691. A municipality such as Nueces County is only liable under § 1983 for a deprivation of rights protected by the Constitution or federal law that is inflicted pursuant to official policy. *Id.* at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Thus, in addition to the underlying claim of a violation of rights, municipal liability under § 1983 requires proof of three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005) (citations omitted).

An "official policy" may be either a written policy or "a persistent widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute

a custom that fairly represents municipal policy." *Lawson v. Dallas Cty.* 286 F.3d 257, 263 (5th Cir.2002) (quoting *Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984) (en banc)). There must be a link between the policy and the constitutional violation, and the policy must be maintained with an objective deliberate indifference to a constitutionally protected right. *Id.* at 264.

Plaintiff's case is based on his assertion that Nueces County deprived him of his constitutional right of access to the courts. "A substantive right of access to the courts has long been recognized...as 'one of the fundamental rights protected by the Constitution.'" *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986) (citations omitted). This right is rooted in the First Amendment's right to petition for the redress of grievances, as well as in the Fourteenth Amendment's guarantees of procedural and substantive due process. *Id.* "Any deliberate impediment to access, even a delay of access, may constitute a constitutional deprivation." *Id.* Finally, to properly state a claim of denial of access to the courts, a plaintiff must demonstrate "that his position as a litigant was prejudiced..." by the defendant's actions. *Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir. 1996) (citing *Walker v. Navarro Cty. Jail,* 4 F.3d 410, 413 (5th Cir. 1993)); *Brinson v. McKeeman,* 992 F. Supp. 897, 911 (W.D. Tex. 1997) (finding plaintiff's access claim inadequate because he alleged no specific facts sufficient to raise an arguable basis to show he suffered prejudice as a result of the defendant's conduct).

**B.    Screening**

A party proceeding *in forma pauperis* is subject to the screening requirements permitted by 28 U.S.C. § 1915, which states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) applies equally to prisoners and non-prisoners. *See Newsome v. Equal Emp't Opportunity Comm.,* 301 F.3d 227, 231–33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)). The § 1915 frivolity review "[wa]s designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325; *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999). A review for failure to state a claim for relief under Section 1915 is the same standard found in Federal Rule of Civil Procedure 12(b)(6). *Moore v. Carwell,* 168 F.3d 234, 236 (5th Cir. 1999). When considering whether to dismiss an action under Rule 12(b)(6), the court construes the allegations in the complaint liberally in favor of the pleader and accepts as true all well-pleaded facts. *Herrmann Holdings Ltd. v. Lucent Tech. Inc.,* 302 F.3d 552, 558 (5th Cir.

2002). The court may not rely on conclusory allegations or legal conclusions disguised as factual allegations. *Jeanmarie v. United States,* 242 F.3d 600, 602 (5th Cir. 2001).

### C.    Motion to Dismiss

Under Rule 8 of the Federal Rules of Civil Procedure a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face.*'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.  Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.' " *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557).

When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

However, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust,* 500 F.3d 454, 461 n. 9 (5th Cir. 2007).

## IV.   ANALYSIS

Plaintiff was represented by counsel during the state court proceedings from which his claims derive.   During these proceedings, Plaintiff's lawyer had the responsibility of keeping Plaintiff informed about the status of his case.[5]   Defendant Nueces County had no duty to Plaintiff to advise Plaintiff personally of the status of his case because Plaintiff was represented by a lawyer.   Plaintiff testified at the *Spears* hearing that he filed a notice of appeal and then chose to withdraw the notice of appeal after he was notified that he had not paid the filing fee.[6]   Plaintiff testified he dismissed the appeal when he learned he had missed the filing deadline.   The duty to timely file a notice of appeal or to advise Plaintiff of the deadline rested with Plaintiff's attorney.   Plaintiff has not alleged any fact indicating Defendant Nueces County did anything to undermine Plaintiff filing an appeal of the protective order or divorce decree.

Further, to properly state a claim of denial of access to the courts, a plaintiff must demonstrate "that his position as a litigant was prejudiced..." by the defendant's actions. *Eason,* 73 F.3d at 1328 (citing *Walker,* 4 F.3d at 413).   Plaintiff has not alleged how his position as a litigant was prejudiced in either the divorce case or the protective order case. In fact, Plaintiff clarifies in his response to Defendant's motion to dismiss that he "is not seeking redress from these hearings."   (D.E. 25, p. 2).   Rather, "he was using the

---

[5] *See* Rule 1.03, Tex. Disciplinary R.  Prof'l Conduct.
[6] Plaintiff's testimony that he received notice of the delinquent appellate filing fee undermines his claim that Defendant Nueces county purposefully failed to notify him of the status of his case.

protective order and divorce hearings in his factual allegations." (D.E. 25, p. 2). Plaintiff's explanation of his claim is that "[t]he plaintiff has alleged that Nueces County clerk [sic] use a custom of intentionally refusing to issue notices of hearings, final judgments and/or decrees that deny inmates the right to respond, contest, attack and/or appeal such." (D.E. 25, p. 2). However, Plaintiff wholly fails to allege what notice he failed to receive or how he was prejudiced. Further, Plaintiff's testimony contradicts his claims.

Construing Plaintiff's complaint liberally, it appears his denial of access to the courts claim arises from his efforts to challenge the protective order in cause number 2014-FAM-0503-C. Essentially, Plaintiff claims he did not receive notice of the protective order and therefore his notice of appeal was untimely. However, Plaintiff received some form of notice of the protective order because that is how he knew to file the notice of appeal. Plaintiff also testified he received notice that he had not paid the appellate filing fee. Further, whether notice of the protective order being granted was timely provided to Plaintiff is a matter between Plaintiff and his lawyer. While Plaintiff states he did not hire Gabriel Salais and he does not know how Mr. Salais was appointed as his attorney, Plaintiff does not dispute that Mr. Salais was in fact his attorney during the proceedings at issue. (D.E. 25, p. 2). Further, Plaintiff voluntarily dismissed the appeal of the protective order. Defendant Nueces County had nothing to do with Plaintiff's decision to voluntarily dismiss the appeal.

Plaintiff's complaint could also be liberally construed to include his allegation that the Nueces County Clerk failed to docket his bill of review or the civil action he filed to

challenge the protective order.  In Plaintiff's response to Defendant's motion to dismiss, Plaintiff alleges he went to the Nueces County Clerk to inquire about his bill of review and the civil action and was told his civil action had not been presented to the court because the defendants had not been served.  (D.E. 25, p. 3).   As discussed above, even accepting Plaintiff's allegation that he filed a bill of review and a civil action and neither was not docketed, Plaintiff has not pleaded facts that would entitle him to relief.

In order to prevail upon a petition for bill of review, Plaintiff would have had to establish in the state court the following requirements: (1) a failure to file a motion for new trial or a failure to advance an appeal; (2) caused by the fraud, accident, or wrongful act of the opposing party or by an official mistake; (3) unmixed with any fault or negligence on the petitioner's part; and (4) a meritorious ground of appeal.  *See Thompson v. Ballard,* 149 S.W.3d 161, 164 (Tex. App.--Tyler 2004, no pet.).   None of the requirements could have been met by Plaintiff.  First, he filed a notice of appeal and then voluntarily dismissed the appeal.  Second, there was no fraud, accident or wrongful act of the opposing party or any official mistake.   Third, Plaintiff's case not being litigated on appeal is the result of his dismissal of the appeal or arguably of either Plaintiff's or his lawyer's own negligence.   Fourth, Plaintiff has not presented any meritorious ground for appeal.  With regard to the civil action Plaintiff purportedly filed to challenge the protective order, Plaintiff simply has not alleged facts that he is entitled to relief.

Finally, even accepting Plaintiff's allegation that his bill of review was not properly filed among the papers of the state court, he has failed to allege specific facts

which demonstrate on their face or by reasonable inference that Defendant deliberately interfered with or impeded his court access or that Nueces County had a custom of policy which resulted in the denial of his access to the courts. *Monell*, 436 U.S. at 694.

Plaintiff is proceeding *in forma pauperis* and his complaint is subject to the screening requirements of 28 U.S.C. § 1915. Plaintiff's complaint lacks any arguable basis in law or fact and therefore, should be dismissed on Section 1915 screening as frivolous. *Neitzke*, 490 U.S. at 325; *Talib,* 138 F.3d at 213. A review for failure to state a claim for relief under Section 1915 is the same standard found in Federal Rule of Civil Procedure 12(b) (6). *Moore,* 168 F.3d at 236. Plaintiff has not stated sufficient factual matter to 'state a claim to relief that is plausible on its *face'" Iqbal,* 556 U.S. at 663 (quoting *Twombly,* 550 U.S. at 570). It is simply not plausible to draw an inference that Nueces County is liable to Plaintiff for the alleged misconduct. *Iqbal,* 556 U.S. at 663 .

The undersigned recommends Plaintiff not be granted further leave to amend his complaint. Plaintiff was advised of the screening process and was granted leave to amend by a written order dated June 24, 2016. (D.E. 11). Further, Plaintiff was afforded an opportunity to fully explain his case at the *Spears* hearing on August 4, 2016. Finally, Plaintiff has filed a response to Defendant's motion to dismiss and the response has been considered by the undersigned. (D.E. 25). Therefore, Plaintiff's action may be dismissed on screening for failing to state a claim, or alternatively, dismissed by granting Defendant's motion to dismiss.

## V.    DEFENDANT'S MOTION FOR PRE-FILING INJUNCTION

Defendant Nueces County moves the Court for entry of a pre-filing injunction tailored to protect innocent defendants from being sued by Plaintiff in the future. Defendant cites Plaintiff's history of filing cases in federal court, *pro se* and *in forma pauperis*, which were dismissed for failing to state a claim, frivolous or otherwise without merit.  Plaintiff's former cases include:

> (1)   *Rosas v. Rodriguez*, No. 5:04-cv-172 (N.D. Tex. filed July 27, 2004)(suit against TDCJ personnel challenging prison disciplinary case dismissed as frivolous).
>
> (2) *Rosas v. Perez*, No. 2:05-cv-102 (S.D. Tex. filed Feb 25, 2005)(suit against Nueces County Clerk for denial of access to court dismissed for failure to state a claim);
>
> (3) *Rosas v. Nueces County*, No. 2:06-cv-73 (S.D. Tex. filed Feb 13, 2006)(suit against Nueces County for denial of access to court dismissed for failure to state a claim);
>
> (4) *Rosas v. Gonzalez*, No. 2:15-cv-365 (S.D. Tex. filed Feb 25, 2005)(suit against Nueces County Assistant District Attorney for disclosing Plaintiff as an informant dismissed for failure to state a claim);
>
> (5) *Rosas v. Sheriff Kaelin*, No. 2:09-cv-310 (S.D. Tex. filed Nov. 13, 2009)(suit against Nueces County Sheriff for denial of access to court for failing to maintain a law library dismissed for failure to state a claim and as frivolous);
>
> (6) *Rosas v. City of Corpus Christi*, No. 2:15-cv-133 (S.D. Tex. filed May 15, 2015)(suit against police officer who arrested Plaintiff dismissed pursuant to the three strikes rule, 28 U.S.C. § 1915(g));
>
> (7) *Rosas v. Morales*, No. 5:15-cv-583 (W.D. Tex. filed July 10, 2015)(suit against regional supervisor of the Texas Board of Pardon and Paroles dismissed pursuant to the three strikes rule, 28 U.S.C. § 1915(g));
>
> (8) *Rosas v. Bexar County*, No. 5:14-cv-1082 (W.D. Tex. filed Dec. 8, 2014)(suit against Bexar County for denial of

access to court dismissed as frivolous and failure to state a
claim);

(9) *Rosas v. Reed*, No. 5:14-cv-827 (W.D. Tex. filed Sept. 15,
2014)(suit against district attorney and law enforcement
officers dismissed for failure to state a claim and on
prosecutorial immunity).

During the *Spears* hearing, the undersigned asked Plaintiff whether he had ever
filed a civil action where he prevailed. Plaintiff responded that he had not. He has filed
five meritless cases in this Division, three in the Western District of Texas and one in the
Northern District of Texas. Plaintiff has never paid a filing fee and all of his cases have
been dismissed. However, each of these cases involved the time and resources of the
courts. In some of the cases the defendants were served and had to file responsive
pleadings and otherwise appear. While Plaintiff has been designated a three strikes
litigant, he is no longer in custody and therefore, future defendants are not protected by
the three strikes provision of the PLRA.

The Court has the authority to sanction Plaintiff for the repeated filing of
frivolous and vexatious civil actions. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181,
189 (5th Cir. 2008). Plaintiff should be given notice and an opportunity for a hearing.
*Id.* In determining whether it should impose a pre-filing injunction to deter vexatious
filings, a court must weigh all the relevant circumstances, including the following four
factors: (1) the party's history of litigation, in particular whether he has filed vexatious,
harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for
pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the
courts and other parties resulting from the party's filings; and (4) the adequacy of

alternative sanctions.  *Cromer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 818 (4th Cir. 2004).

Having carefully considered the above factors, the undersigned respectfully recommends that the Court require Plaintiff to pay a $100 sanction and further require Plaintiff to obtain leave of Court before filing any further *pro se* actions in the Southern District of Texas.  The undersigned recommends Plaintiff be required to certify in a sworn affidavit that he has paid the $100 sanction should he seek leave of Court to file any future action in this jurisdiction.  *See Judd v. Fed. Election Comm'n*, 311 Fed. Appx. 730, 731 (5th Cir. 2009)(affirming a $500 sanction and requiring the plaintiff to obtain leave of court before filing any further civil actions and requiring plaintiff to submit certification).

Plaintiff GEORGE ROSAS is CAUTIONED that filing any frivolous or repetitive action in United States District Court Southern District of Texas, or any court subject to this Court's jurisdiction, will subject him to additional and progressively more severe sanctions.

## VI.    CONCLUSION.

For the reasons stated herein, the undersigned respectfully recommends all of Plaintiff's claims be **DISMISSED with prejudice** for failure to state cognizable § 1983 claims and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), or alternatively, that Defendant's motion to dismiss be granted.  It is further recommended that Defendant's Motion for a Pre-filing Injunction (D.E. 24) be **GRANTED**.  It is

further recommended that all pending motions not addressed herein be **DENIED as moot**.

ORDERED this 4th day of October, 2016.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).