Case 2:16-cv-00167 Document 33 Filed on 04/01/17 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 03, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GEORGE ROSAS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL NO. 2:16-CV-167 |
| § | |
| NUECES COUNTY, § | |
| § | |
| Defendant. § | |

# ORDER

Plaintiff George Rosas is a former inmate of the Nueces County Jail who is appearing *pro se* and *in forma pauperis*.[1] Rosas filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging Defendant Nueces County did not keep him apprised, while he was an inmate, of the status of his then pending civil and family law cases and also that Nueces County has a policy of not apprising inmates who are *pro se* litigants of the status of their cases. *See* Compl., D.E. 1, at 2-8. Rosas claims Nueces County's actions and policy are in violation of the First and Fourteenth Amendment as they resulted in a denial of access to the courts. *See* Compl., D.E. 1, at 1. Rosas seeks declaratory, injunctive and compensatory relief. *See* Compl., D.E. 1, at 7. The Court has before it Plaintiff's complaint (D.E. 1), Nueces County's Motion to Dismiss (D.E. 21) and Motion for Pre-Filing Injunction (D.E. 24), Plaintiff's Response to Nueces County's Motion to Dismiss (D.E. 25) and Plaintiff's Motion for Summary Judgment (D.E. 27), Nueces County's Reply to Plaintiff's Response (D.E. 26), the Memorandum and Recommendation ("M & R") of the Magistrate Judge to whom this case was referred pursuant to 28 U.S.C. § 636(b) (D.E. 29), and Plaintiff's objections to the M & R (D.E. 30).

---

[1] Plaintiff, who has been designated a "Three Strikes" litigant pursuant to 28 U.S.C. § 1915(g), was not subject to the three strikes rule because he was not in custody at the time he filed this action. *See* D.E. 14, D.E. 19, and D.E. 20.

The Magistrate Judge recommended that Plaintiff's case, subject to the screening requirements permitted by 28 U.S.C. 1915(e)(2)(B), be dismissed because he had failed to state cognizable § 1983 claims and, alternatively, that Defendant's Motion to Dismiss be granted. More specifically, the Magistrate Judge determined Plaintiff was represented by counsel during the state court proceedings from which his claims derive, and therefore it was Plaintiff's attorney's responsibility, not Defendant's, to keep Plaintiff informed about the status of his case. *See* M & R, D.E. 29, at 4-5 and 11. Further, the Magistrate Judge determined Plaintiff, in addition to his contradicting testimony, had failed to allege how his position as a litigant was prejudiced, in either the divorce or protective order case, which is required to properly state a claim of denial of access to the courts. As noted by the Magistrate Judge, in his response to Defendant's Motion to Dismiss, Plaintiff states he "is not seeking redress from these hearings" and is instead "using the protective order and divorce hearings in his factual allegations" to show the "Nueces County clerk [sic] use a custom of intentionally refusing to issue notices of hearings, final judgments and/or decrees that deny inmates the right to respond, contest, attack and/or appeal such." *See* M&R, D.E. 29, at 11 (citing D.E. 25, at 2). Additionally, the Magistrate Judge concluded that even accepting Plaintiff's allegation that he filed a subsequent bill of review (*See* M&R, D.E. 29, at 5 footnote 3) and a civil action and neither was docketed, Plaintiff has still failed to demonstrate he would have been successful in either case. The Magistrate Judge also concluded that Plaintiff has not alleged specific facts that demonstrate Defendant deliberately interfered with or impeded his court access or that Defendant had a custom or policy which resulted in the denial of his access to the courts. *See* M&R, D.E. 29, at 12-14. Last, the Magistrate Judge recommended that Plaintiff, who has never paid a filing fee and who as a prisoner has had at least nine § 1983 actions dismissed for failing to state a claim, as frivolous or otherwise without merit, should be required to pay a $100 sanction and obtain leave of Court before filing any further *pro se* actions in the Southern District of Texas. *See* M&R, D.E. 29, at 15-17.

Plaintiff files several objections to the M&R. Plaintiff first asserts the Magistrate Judge conducted a "show" *Spears* hearing and had, before considering any evidence, decided to dismiss Plaintiff's action. D.E. 30, at 4. However, the *Spears* hearing lasted over twenty minutes, and the Magistrate Judge issued a lengthy M&R that addresses Plaintiff's allegations and considers the evidence in the record. D.E. 29. Further, Plaintiff was given leave to amend his complaint by the Magistrate Judge's written order, prior to the *Spears* hearing, to fully submit his allegations for consideration. D.E. 11. While the Magistrate Judge recommends Plaintiff's case is without merit, it is clear the Magistrate Judge considered Plaintiff's claims before reaching this recommendation. Therefore, the undersigned finds Plaintiff's first objection is without merit.

Plaintiff next challenges the Magistrate Judge's finding that Plaintiff had failed to demonstrate his position as a litigant was prejudiced by Defendant's actions, which is required to succeed in a denial of access to the courts claim. Specifically, Plaintiff alleges it is for the state courts to decide whether his bill of review would be meritorious and not the Magistrate Judge, Plaintiff was not served with the divorce petition, and all evidence showing he was represented at the divorce proceeding has been falsified. Plaintiff also cites to an undated news article arguing it demonstrates a custom of interfering, impeding, and obstructing pro se litigants from accessing Nueces County courts. D.E. 30, at 5-8 and 13-15. None of these objections has merit and the evidence cited does not support Plaintiff's arguments.

In order to properly state a claim of denial of access to the courts, a plaintiff must demonstrate "that his position as a litigant was prejudiced" by the defendant's actions. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (citation omitted). Plaintiff has failed to meet this burden. Plaintiff has failed to plead any facts demonstrating he would have been successful in his bill of review. The evidence Plaintiff cites to demonstrate that he was not properly served in his divorce proceeding does not support this claim. Plaintiff also does not offer any evidence to show that the documents regarding his representation during his divorce

proceeding were fabricated. The news article cited by Plaintiff is not related to the Nueces County clerk's office and is titled "DA candidates differ slightly," discussing how the morale in the Nueces County district attorney's office is low because it accepts criminal cases they are not able to prove in court. D.E. 30, at 13-15. None of Plaintiff's objections or additional evidence sufficiently refute the findings in the M & R.

After independently reviewing the record and considering the applicable law, the Court adopts the Magistrate Judge's proposed findings and recommendations (D.E. 29) and **GRANTS** Defendant's Motion to Dismiss (D.E. 21) and Defendant's Motion for Injunction (D.E. 24). Plaintiff has a history of filing frivolous and vexatious civil actions and, weighing all relevant circumstances, Plaintiff is **SANCTIONED** $100.00 and is required to obtain leave of Court and certify in a sworn affidavit that he has paid this sanction before filing any further *pro se* actions in the Southern District of Texas. The Clerk of Court shall close this case after entering the accompanying judgment.

SIGNED this 1st day of April, 2017.

Hilda Tagle
Senior United States District Judge